```
                   UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                        **CRIMINAL ACTION NO. 2:12-00167-02**

**JAMIE L. FOSTER**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On September 24, 2018, the United States of America appeared by Gabriele Wohl, Assistant United States Attorney, and the defendant, Jamie L. Foster, appeared in person and by her counsel, Lorena E. Litten, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Justin L. Gibson. The defendant commenced a 31-month term of supervised release in this action on June 21, 2016, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on June 20, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by her admission to the probation officer on June 20, 2018, that she had used heroin approximately five times between April 2018 through June 15, 2018; her admission to the probation officer on July 18, 2018, that she had intravenously used heroin two days prior; her admission to the probation officer on July 5, 2018, that she had used heroin on two occasions between June 28 and July 5, 2018; and her admission to the probation officer on August 22, 2018, that she had used heroin, methamphetamine and marijuana on August 20, 2018; (2) the defendant failed to report to the probation officer as directed on June 7 and 8, and July 2, 2018; (3) the defendant failed to notify the probation officer within 72 hours of being arrested inasmuch as on February 5, 2018, she received a citation for a suspended operator's and on April 29, 2018, received a citation for driving suspended and no proof of insurance, and did not notify the probation officer of either contact with law enforcement until May 14, 2018; (4) the defendant failed to report for urine screens as instructed on

July 23 and 31, and August 8, 2018; (5) the defendant failed to report for individual substance abuse counseling as instructed on July 25 and 31, 2018; and (5) the defendant failed to follow the instructions of the probation officer inasmuch as she contacted the probation officer on August 13, 2018, and indicated that she had entered a detoxification program the day prior at which time the probation officer instructed her to successfully complete the 7-day program, the probation officer having thereafter been contacted by program staff on August 15, 2018, and informed that the offender had left the detoxification program against medical advice; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the defendant's Motion to Hold Revocation Petition in Abeyance, filed on September 17, 2018, be, and it hereby is, denied and the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWO (2) MONTHS, to be followed by a term of two (2) years of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that she participate in and successfully complete the sober living facility program at Lifehouse in Huntington, West Virginia, for a period of not less than 8 months and as long as 12 months, upon the recommendation of the probation officer and the administrators at Lifehouse, where she shall follow the rules and regulations of the facility, and participate in drug abuse counseling and treatment as directed by the probation officer and the facility. The defendant shall report immediately from her place of incarceration, without interruption, to the Lifehouse program.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 24, 2018

John T. Copenhaver, Jr.
United States District Judge